

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| IN RE: | § | No. 08-23-00081-CV |
| EAN HOLDINGS, LLC d/b/a ENTERPRISE RENT-A-CAR | § | AN ORIGINAL PROCEEDING |
| | § | IN MANDAMUS |
| Relator. | | |
| | § | |
| | § | |

## CONCURRING OPINION

Given our present record, I join with the majority's conclusion that the trial court abused its discretion in denying Enterprise's motion for leave to designate the USBP as a responsible third party. I write separately, however, to comment further about Relator's long delay in supplementing its response to a discovery request seeking information about the existence of such third parties.

It is true that Enterprise's post-limitations discovery conduct provides no basis for denying an otherwise proper third-party designation, when timely filed, pursuant to § 33.004(d). *In re Mobile Mini, Inc.*, 596 S.W.3d 781, 786-87 (Tex. 2020) (per curiam); s*ee also* TEX. CIV. PRAC. & REM. CODE ANN. § 33.004(d). Although this is the case, I would add that it does not necessarily follow that such discovery conduct would be seen as immaterial to the resolution of other pretrial

issues. In *In re Bertrand*, 602 S.W.3d 691, 706 (Tex. App.—Fort Worth 2020, no pet.), the court particularly noted, "[w]e express no opinions on other issues which may be related to discovery abuse governed by the Texas Rules of Civil Procedure, pre-trial discovery orders, or otherwise." *Id.*

Rule 193.5 of the Texas Rules of Civil Procedure provides that "[a]n amended or supplemental response must be made reasonably promptly after the party discovers the necessity for such a response." TEX. R. CIV. P. 193.5(b). Here, Todorovic contends Enterprise never supplemented its discovery responses to mention the USBP as a responsible third-party during the long period the case remained pending awaiting trial. Reading the statute in harmony, as we must, I find that such conduct may be relevant to other aspects of the third-party designation. For example, § 33.004(l) permits a party, after adequate time for discovery, to move "to strike the designation of a responsible third party on the ground that there is no evidence that the designated person is responsible for any portion of the claimant's alleged injury or damage." TEX. CIV. PRAC. & REM. CODE ANN. § 33.004(*l*). Thus, even though §33.004(d) permits Enterprise to make such third-party designation, §33.004(l) further provides that the designation remains subject to being stricken, after adequate time for discovery on the ground that no evidence supports a claim that the USBP bears a portion of responsibility for Todorovic's claimed injury or damages.

GINA M. PALAFOX, Justice

June 16, 2023

Before Rodriguez, C.J., Palafox, and Soto, JJ.

2